a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANDREA HALL, Petitioner | CIVIL DOCKET NO. 1:20-CV-1132-P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DARREL VANNOY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Andrea Hall ("Hall") (#110954). Hall is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Hall challenges a writ denial by the Louisiana Supreme Court.

Because Hall's Petition (ECF No. 1) is second and successive, the Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

### I. Background

Hall was convicted of two counts of attempted second-degree murder. He was adjudicated a habitual offender and was sentenced to serve two consecutive 100-year sentences. *See* In Re: *Andrea Hall*, 12-30948 (5th Cir. 11/07/12). One of the convictions was subsequently reversed, and his sentence was reduced to a single 100-year term. *See id.*

Hall has filed numerous petitions for writs of habeas corpus in this Court, at least one of which was denied on the merits. Several have been transferred to the

Fifth Circuit in accordance with 28 U.S.C. § 1631.  *See* In re *Andrea Hall*, 12-30948 (5th Cir. 11/07/12); In re *Andrea Hall*, 08-30331 (5th Cir. 8/6/08); In re *Andrea Hall*, 08-30316.  The Fifth Circuit denied all motions and issued a sanction, informing Hall that "any further attempts to attack his conviction and sentence that do not meet the criteria set forth in § 2244 for filing a successive § 2254 application will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court subject to this court's jurisdiction."  *Id.*

Thereafter, Hall filed another § 2254 petition in this Court, which was transferred to the Fifth Circuit.  *See Hall v. Cain*, 1:14-CV-00122, ECF No. 25.  The Fifth Circuit denied authorization and issued a monetary sanction of $100.00.  In re: *Andrea Hall*, 14-30768 (5th Cir. 8/19/14).  The Fifth Circuit also warned Hall that future sanctions would be imposed for additional frivolous § 2254 petitions.  *Id.*

II.  **Law and Analysis**

In his current Petition, Hall alleges that the Louisiana Supreme Court wrongly denied review of the appellate court's denial of a writ of mandamus regarding Hall's latest post-conviction application challenging his conviction or sentence.

As Hall has been instructed several times: "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ."  28 U.S.C. § 2244(a).

A habeas corpus petition is not second or successive simply because it follows an earlier federal petition. *In re: Cain*, 137 F.3d 234, 235 (5th Cir. 1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* And "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 773 n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)).

Hall previously challenged his conviction and sentence, and he has been sanctioned for abusing the writ. In this Petition, Hall alleges that the Louisiana Supreme Court incorrectly applied one of its own rules to Hall's writ application. ECF No. 5 at 4. However, a federal court is limited to deciding whether a conviction or sentence violates the Constitution, laws or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Federal courts "do not sit as a super state supreme court. . . ." *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983). Hall does not allege the violation of a constitutional right. And it is not the province of a federal habeas court to determine if the state court properly applied state law. *Estelle*, 502 U.S. at 68; *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998).

Under § 2244(b)(2), to present a new claim in a second or successive § 2254 petition, the applicant must show that: (1) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme

3

Court, that was previously unavailable; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244. Hall does not allege that he meets the requirements of § 2244(b)(2).

Hall is aware that he must obtain an order from the Fifth Circuit authorizing the district court to consider another § 2254 petition, and he has not obtained authorization. Hall filed this Petition in violation the Fifth Circuit's ruling and with disregard to the warning of future sanctions. Therefore, the Petition (ECF No. 1) should be dismissed.

### III. Conclusion

Because Hall's Petition (ECF No. 1) is second and successive and Hall has not received authorization from the Fifth Circuit to file another § 2254 petition, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUIDICE for lack of jurisdiction. IT IS FURTHER RECOMMENDED that Hall be cautioned that future frivolous filings will result in monetary sanctions being imposed by this Court similar to the sanction previously imposed by the Fifth Circuit.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof,

unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Thursday, November 5, 2020

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE